UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Everett Bad Wound, | Case No. 18-cv-0369 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| The Honorable Ryan Zinke, Secretary of the U.S. Department of the Interior, | |
| Defendant. | |

---

Defendant moves to dismiss Plaintiff's amended complaint on alternative grounds, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Dkt. 31.) For the reasons addressed below, the motion to dismiss is granted.

## BACKGROUND[1]

From July 1999 until his termination in 2016, Plaintiff Everett Bad Wound was employed by the Bureau of Indian Education (BIE), which is a division of the United States Department of the Interior. In this lawsuit, Bad Wound alleges that his employer discriminated and retaliated against him because of Bad Wound's sex, sexual orientation, and age. Bad Wound alleges two specific instances of harassment. Bad Wound first

---

[1] The facts in this section are taken from Plaintiff Everett Bad Wound's amended complaint, which are accepted as true for the purposes of this motion to dismiss. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

alleges that his supervisor, Rosemarie Davis, referred to Bad Wound's appearance as "all dolled up." The complaint does not state when this incident occurred. Second, in October 2016, Bad Wound alleges that Davis's assistant, Misty Ziegler, referred to him as a "girl scout."

Bad Wound reported discrimination and retaliation to BIE Human Resources Specialist Deanna Birdsbill-Lubarsky in April 2016. The details of the alleged discrimination and retaliation that Bad Wound reported in April 2016 are not included in the amended complaint. Two months later, in June 2016, Bad Wound contacted an Equal Employment Opportunity (EEO) investigator, but he declined to complete the EEO process because he had not been terminated. The BIE was aware of Bad Wound's efforts to report the discrimination and retaliation. In response to these efforts, Bad Wound alleges, his supervisors and co-workers "essentially ignored [him], singled him out, refused to allow him to perform his job duties, and subjected him to a hostile work environment up to and until the date of his termination."

The BIE terminated Bad Wound's employment on November 9, 2016. The BIE's stated reason for Bad Wound's employment termination was Bad Wound's failure to report an October 2013 car accident that resulted in the revocation of his driver's license. Without a driver's license, the BIE determined, Bad Wound could not perform his job responsibilities. Bad Wound claims that the BIE gave this reason as a pretext for discrimination based on his sex, sexual orientation, and age, and in retaliation for his efforts to report the discrimination.

After his employment termination, Bad Wound initiated the EEO complaint process a second time. On or about November 13, 2017, Bad Wound received a Final Agency Decision (FAD) in favor of the BIE that notified Bad Wound of his right to file a civil action.

Bad Wound commenced this employment discrimination lawsuit against Defendant the Honorable Ryan Zinke, Secretary of the U.S. Department of the Interior, on February 8, 2018. Bad Wound's amended complaint alleges three claims for relief. Count I alleges that his employer engaged in sex and sexual orientation discrimination in Bad Wound's employment and that his employer's actions of harassment and discrimination created a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Count II alleges that the BIE and its employees retaliated against Bad Wound for his efforts to report the discrimination and harassment he experienced. *See* 42 U.S.C. § 2000e-3; 29 U.S.C. § 623(d). Count III alleges that the BIE discriminated against Bad Wound because of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34.

## ANALYSIS

Zinke moves to dismiss Bad Wound's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).[2] A complaint must contain "a short

---

[2] Zinke's also argues that this Court lacks subject-matter jurisdiction over the amended complaint because Bad Wound failed to exhaust administrative remedies and failed to timely file his complaint. *See* Fed. R. Civ. P. 12(b)(1). But neither exhaustion of administrative remedies nor the timeliness of a plaintiff's complaint under Title VII and the ADEA is a jurisdictional requirement. *See Jessie v. Potter*, 516 F.3d 709, 712-13 (8th

3

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations that raise only a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true all of the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But a court does not accept as true legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. Moreover, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim for relief. *Id.*

Title VII of the Civil Rights Act of 1964 "provides remedies to employees for injuries related to discriminatory conduct and associated wrongs by employers." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013) (citing Title VII, 42 U.S.C. §§ 2000e *et seq.*). Under Title VII, it is unlawful for an employer to discriminate against an individual with respect to "compensation, terms, conditions, or privileges of employment" because of that person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act (ADEA) prohibits

---

Cir. 2008) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *Coons v. Mineta*, 410 F.3d 1036, 1040-41 (8th Cir. 2005). Rather, they are "essential ingredients" of Title VII and ADEA claims. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503, 510-16 (2006) (discussing the difference between jurisdictional requirements and ingredients of a claim). For this reason, the Court analyzes Zinke's motion under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief can be granted.

employment discrimination on the basis of an individual's age. 29 U.S.C. § 623(a). The same enforcement mechanisms and administrative procedures apply to claims of employment discrimination under both Title VII and the ADEA. *See* 29 C.F.R. § 1614.103(a).

Bad Wound alleges that he experienced discrimination and harassment in his workplace based on his sex, sexual orientation, and age, which created a hostile work environment, and he experienced retaliation for his efforts to report the discrimination. The merits of a claim of employment discrimination, retaliation, or hostile work environment are evaluated under the prima facie analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). At the pleading stage, Bad Wound need not *prove* a prima facie case. *See Sweirkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002); *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) ("[T]he prima facie model is an evidentiary, not a pleading, standard."). But the elements of a prima facie case may "shed light upon the plausibility of the claim." *Blomker*, 831 F.3d at 1056 (internal quotation marks omitted). The Court addresses in turn each of Bad Wound's claims.

## I. Sexual Harassment/Sexual Orientation Discrimination Claim (Count I)

Count I of Bad Wound's amended complaint alleges that he was subjected to discrimination and harassment based on his sex and sexual orientation, which created a hostile work environment in violation of Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). A hostile-work-environment claim has five prima facie elements: (1) the employee is a member of a protected group; (2) the employee was subjected to unwelcome harassment;

(3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 933 (8th Cir. 2011). Actionable harassment "must be both objectively and subjectively offensive, such that a reasonable person would consider it to be hostile or abusive." *Erenberg v. Methodist Hosp.*, 357 F.3d 787, 792 (8th Cir. 2004) (internal quotation marks omitted). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious)" are insufficient to satisfy the fourth element, which requires the harassment to have affected a term condition, or privilege of employment. *Id.* (internal quotation marks omitted).

Bad Wound alleges two instances of harassment on the basis of sex or sexual orientation: Davis's comment that Bad Wound was "all dolled up" at work and Zeigler's reference to Bad Wound as a "girl scout." Although both comments were subjectively offensive to Bad Wound, as established in *Erenberg*, such isolated, offhand comments are not objectively sufficient to constitute actionable harassment. *See id.*

Bad Wound also makes the general allegation that he was "continually discriminated against" and that he reported "discrimination, retaliation, bullying, intimidation, and harassment" to Birdsbill-Lubarsky. These vague, conclusory allegations do not raise Bad Wound's right to relief above a speculative level. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). For these reasons, Bad Wound has not plausibly alleged

6

harassment that affected a term, condition, or privilege of employment as contemplated by Title VII of the Civil Rights Act of 1964.

Because Bad Wound fails to state a claim for sex discrimination or harassment creating a hostile work environment, Zinke's motion to dismiss Count I of Bad Wound's amended complaint is granted.

## II. Retaliation Claim (Count II)

Count II alleges that the BIE retaliated against Bad Wound for reporting discrimination when it terminated his employment. Both Title VII, 42 U.S.C. § 2000e-3, and the ADEA, 29 U.S.C. § 623(d), prohibit retaliation against employees who report workplace discrimination. A retaliation claim has the following three prima facie elements: (1) the employee engaged in protected activity, (2) the employee suffered an adverse employment action, and (3) a causal connection exists between the adverse employment action and the protected activity. *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 772 (8th Cir. 2003).

Bad Wound alleges that he first reported discrimination and retaliation to Birdsbill-Lubarsky in April 2016, that he advised Birdsbill-Lubarsky of his intent to contact an EEO investigator, and that he contacted an EEO investigator to report discrimination and retaliation in June 2016. But the BIE did not terminate Bad Wound's employment until November 2016. These allegations, without more, are insufficient to plausibly link Bad Wound's employment termination to any protected activity. *See, e.g.*, *Feltmann v. Sieben*, 108 F.3d 970, 977 (8th Cir. 1997) ("The fact of termination six months after an incident is

7

by itself insufficient to support a claim of causal connection."). Aside from these specific allegations, Bad Wound's amended complaint includes only conclusory allegations that the BIE retaliated against him for reporting discrimination and retaliation.

Because Bad Wound fails to state a claim for retaliation, Zinke's motion to dismiss Count II of Bad Wound's amended complaint is granted.

### III. Age Discrimination Claim (Count III)

Count III of Bad Wound's amended complaint alleges that the BIE discriminated against him based on his age by terminating his employment in violation of the ADEA. 29 U.S.C. § 623(a). An age discrimination claim has four prima facie elements: (1) the employee was a member of a protected age group, (2) the employee met the employer's legitimate expectations, (3) the employee suffered an adverse employment action, and (4) there are circumstances that give rise to an inference of discrimination based on age. *Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 773 (8th Cir. 2016).

Bad Wound alleges that he was 62 years old when he was terminated, his employer was aware of his age when he was terminated, and he was treated less favorably than similarly situated younger employees. These conclusory statements do not plausibly allege that Bad Wound met his employer's legitimate expectations nor do they raise a reasonable inference of age discrimination. Bad Wound is required to do more than merely recite the elements of his claims. *Twombly*, 550 U.S. at 555.

Because Bad Wound fails to state a claim for age discrimination, Zinke's motion to dismiss Count III of Bad Wound's amended complaint is granted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant the Honorable Ryan Zinke's motion to dismiss, (Dkt. 31), is **GRANTED** and Plaintiff Everett Bad Wound's amended complaint, (Dkt. 20), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6, 2019                                  s/Wilhelmina M. Wright
                                                                                       Wilhelmina M. Wright
                                                                                        United States District Judge